FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA S.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | NO: 1:21-CV-03093-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING, IN PART, DEFENDANT'S MOTION FOR REMAND |

　　　BEFORE THE COURT is Plaintiff's Motion for Summary Judgment, ECF No. 16, and Defendant's Motion for Remand, ECF No. 19.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by Attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 16, and **GRANTS, in part,** Defendant's Motion for Remand, ECF No.

ORDER ~ 1

19, and remands the case to the Commissioner for an immediate award of benefits.

**CASE HISTORY**

Plaintiff Samantha S.[1] protectively filed applications for Child Disability Insurance Benefits (CDIB) and Supplemental Security Income (SSI) on January 26, 2009, Tr. 110-11, alleging an onset date of January 1, 2008, Tr. 340, 343, due to Weber Christian Disease, Tr. 376. Plaintiff's applications were denied initially, Tr. 190-205, and upon reconsideration, Tr. 210-19. A hearing before Administrative Law Judge R.J. Payne ("ALJ") was conducted on February 8, 2011. Tr. 31-58. The ALJ took testimony from Plaintiff, who was represented by counsel, and medical expert Reuben Beezy, M.D. *Id*. The ALJ entered an unfavorable decision on May 12, 2011. Tr. 116-27. The Appeals Council denied review May 11, 2012. Tr. 133-35. Plaintiff appealed the ALJ's decision to this Court, and the parties stipulated to a remand under sentence six of 42 U.S.C. § 405(g) because portions of the hearing recording were inaudible. Tr. 147-50.

Upon remand, ALJ Laura Valente held a hearing on May 16, 2013, and took the testimony of vocational expert Kimberly Mullinax. Tr. 59-72. The ALJ entered an unfavorable decision on August 30, 2013. Tr. 166-75. The Appeals Council remanded the case back to the ALJ on January 29, 2014. Tr. 182-86. A

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

subsequent hearing was held on July 8, 2014, and the ALJ took the testimony of vocational expert Trevor Duncan. Tr. 73-108. The ALJ entered an unfavorable decision on August 29, 2014. Tr. 4-16. Plaintiff then moved to reopen the case before this Court, and this Court remanded the case back to the Commissioner for additional proceedings on February 29, 2016. Tr. 1396-1418.

Upon remand, ALJ Glen Myers held hearings on May 15, 2017 and October 11, 2017. Tr. 1317-74. He took the testimony of Plaintiff and vocational expert Casey Kilda. *Id*. At the October 11, 2017 hearing, Plaintiff requested a closed period of disability between January 1, 2008 and October 1, 2014. Tr. 1334. The ALJ entered an unfavorable decision on March 9, 2018. Tr. 1300-10. At step one, he found that Plaintiff had not engaged in substantial gainful activity during the closed period. Tr. 1303. At step two, the ALJ found that Plaintiff had the following severe impairments during the closed period: fibromyalgia; asthma; and chronic pain syndrome. Tr. 1303. At step three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or equal the severity of the listed impairments during the closed period. Tr. 1304. The ALJ found that Plaintiff's RFC during the closed period was limited to sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a) with the following limitations:

> she could occasionally stoop, squat, crouch, crawl, kneel, and climb ramps and stairs, and never climb ladders, ropes, or scaffolds. She had to avoid pulmonary irritants at work. Further, she could engage in unskilled, repetitive, routine tasks in two-hour increments. She would have been absent from work 10 times per year and off-task 8% of the time.

ORDER ~ 3

1  Tr. 1305-06.  At step four, the ALJ found that Plaintiff was unable to perform any
2  past relevant work during the closed period.  Tr. 1309.  At step five, the ALJ found
3  that, considering Plaintiff's age, education, work experience, and RFC, that there
4  were jobs that exist in significant numbers in the national economy that Plaintiff
5  could perform during the closed period, including the jobs of document preparer,
6  call-out operator, and food and beverage order clerk.  Tr. 1309-10.  Therefore, the
7  ALJ found that Plaintiff had not been under a disability, as defined by the Act,
8  during the closed period.  Tr. 1310.
9        The Appeals Council did not assume jurisdiction over the case pursuant to
10 20 C.F.R. §§ 404.984(a), 416.1484(a), and Plaintiff appealed the ALJ's decision to
11 this Court.  Tr. 1985-86.  This Court issued an Order remanding the case for
12 additional proceedings.  Tr. 1953-84.  In the Order, this Court found that the ALJ
13 had not harmfully erred at step two, step three, or in forming the RFC assessment
14 (i.e. assessing the medical opinions and Plaintiff's symptom statements), but did
15 error at step five.  *Id*.  The remand instructions stated that "the Commissioner
16 should obtain supplemental vocational expert evidence to clarify the effect of the
17 assessed limitations on Plaintiff's ability to perform other work in the national
18 economy, including the number of jobs available.  Once this evidence is obtained,
19 the Commissioner should re-evaluate step five of the sequential evaluation
20 process."  Tr. 1968.
21       Upon remand, the ALJ held a hearing on April 13, 2021 and took the

ORDER ~ 4

testimony of vocational expert Leta Berkshire. Tr. 1926-37. Plaintiff declined the opportunity to provide additional testimony because this Court's remand order had limited any remand hearing to the consideration of step five. Tr. 1932. However, the hypothetical presented to the vocational expert by the ALJ did not match the RFC set forth in the March 9, 2018 hearing decision. Tr. 1932. Plaintiff's counsel asked that "if an individual missed more than eight days per year, is it more likely than not that they would not be able to sustain competitive employment?" Tr. 1936. The vocational expert stated that "[y]es, that is correct." Tr. 1936.

On April 28, 2021, the ALJ entered an unfavorable decision that was almost verbatim of the March 9, 2018 decision with the same findings at steps one through three. Tr. 1905-10. The ALJ made the following RFC determination during the closed period:

> the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she could occasionally stoop; never crouch, crawl, kneel, climb ramps and stairs; never climb ladders, ropes, or scaffolds; and avoid concentrated exposure to pulmonary irritants. Further, she could remember, understand and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP (Specific Vocational Preparation) level on and two jobs.

Tr. 1911. However, his explanation for the RFC determination was identical to that in the March 9, 2018 hearing decision. Tr. 1911-14 *compare with* Tr. 1306-08. Based on this RFC determination, the ALJ found that Plaintiff was unable to perform her past relevant work during the closed period. Tr. 1914. At step five,

ORDER ~ 5

1  the ALJ found there were other jobs in the national economy that Plaintiff could

2  perform.  Tr. 1914-15.

3        The Appeals Council did not assume jurisdiction over the case pursuant to

4  20 C.F.R. §§ 404.984(a), 416.1484(a).  Therefore, the April 28, 2021 ALJ decision

5  became the final decision of the Commissioner.  The matter is now before this

6  Court pursuant to 42 U.S.C. §§ 405(g); 1383(c).

## STANDARD OF REVIEW

8        A district court's review of a final decision of the Commissioner of Social

9  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

10 limited; the Commissioner's decision will be disturbed "only if it is not supported

11 by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

12 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

13 reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

14 (quotation and citation omitted).  Stated differently, substantial evidence equates to

15 "more than a mere scintilla[,] but less than a preponderance."  *Id*. (quotation and

16 citation omitted).  In determining whether the standard has been satisfied, a

17 reviewing court must consider the entire record as a whole rather than searching

18 for supporting evidence in isolation.  *Id*.

19       In reviewing a denial of benefits, a district court may not substitute its

20 judgment for that of the Commissioner.  "The court will uphold the ALJ's

21 conclusion when the evidence is susceptible to more than one rational

ORDER ~ 6

interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER ~ 7

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER ~ 8

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER ~ 9

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her CDIB under Title II and SSI under Title XVI. ECF No. 16. Plaintiff argues that the ALJ violated the law of the case doctrine and the rule of mandate by adopting a new RFC determination in his April 2021 decision and requests that the case be remanded for an immediate award of benefits based on the March 2018 RFC determination and the testimony of the vocational expert at the April 2021 hearing. *Id*. Defendant concedes that the ALJ erred in making a new and different RFC determination in the April 2021 decision based on an almost identical rationale as the March 2018 RFC determination, but requests that the case be remanded for additional proceedings. ECF No. 19.

## DISCUSSION

The law of the case doctrine "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (citing

ORDER ~ 10

*United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).  The rule of mandate dictates that any district court that has "received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it."  *Hall*, 697 F.3d at 1067.  The Ninth Circuit has held that both doctrines apply to Social Security administrative remands from a federal district court in the same way they would apply in any other case.  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).  Reversal is required under these doctrines where the ALJ's decision fails to comply with, or is otherwise inconsistent, with the "letter and the spirit" of the District Court's remand order.  *Ischay v. Barnhart*, 383 F.Supp.2d 1199, 1214 (C.D. Cal. 2005); *see also Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (holding that "deviation from the [District] [C]ourt's remand order in . . . subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review").

Plaintiff argues that the April 2021 hearing decision violates both the law of the case doctrine and the rule of mandate.  ECF No. 16.  Defendant does not address either legal theory in her briefing, but concedes that the ALJ erred by making contradictory RFC determinations in the March 2018 and the April 2021 hearing decisions based on the same rationale.  ECF No. 19.  The parties disagree over the appropriate remedy.  Plaintiff requests a remand for immediate award of benefits, ECF No. 16, and Defendant requests a remand for additional proceedings, ECF No. 19.

As an initial matter, the ALJ's April 2021 hearing decision violates both the law of the case doctrine and the rule of mandate. By reconsidering the RFC determination that had previously been upheld by this Court as free from harmful legal error, the ALJ violated the law of the case doctrine. By making a new RFC determination in the April 2021 decision, the ALJ varied from this Court's instructions to make a new step five determination after supplemental testimony by a vocational expert. This violated the rule of mandate. Therefore, remand is appropriate in this case.

Second, the appropriate remedy is to remand for an immediate award of benefits. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the

record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, the record is fully developed. There is no indication that any evidence from the closed period at issue, January 1, 2008 to October 1, 2014, is outstanding. The RFC determination made in the March 2018 hearing decision has been upheld by this Court. Tr. 1953-84. The vocational expert at the April 2021 hearing stated that an individual with the RFC finding in the March 2018 hearing decision, i.e. missing eight or more days per year, results in not being able to maintain competitive employment. Tr. 1936. Therefore, the RFC determination set forth in the March 2018 decision results in Plaintiff being unable to maintain competitive employment. This Court orders that this case be remanded to the Commissioner for an immediate award of benefits for the closed period at issue.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 16, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for an immediate award of benefits from January 1, 2008 to October 1, 2014.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **GRANTED, in part**.

///

ORDER ~ 13

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** May 10, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 14